AO 91 (Rev. 01/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

| | |
|---|---|
| United States of America<br>v.<br><br>Amanda Kay HAMPTON<br><br>_Defendant(s)_ | )<br>)<br>) Case No: 19mj2334<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about the date of <u>July 30, 2019</u> in the county of <u>Grant</u> in the <u>State and</u> District of <u>New Mexico</u>, the defendant violated <u>8</u> U.S.C. §<u>1324(a)(1)(A)(ii)(Transporting)</u>, an offense described as follows:

knowing or in reckless disregard of the fact that Roberto Hernandez-martinez, had come to, entered, or remained in the United States in violation of law, transport, or move or attempt to transport or move such aliens within the United States by means of transportation or otherwise, in furtherance of such violation of law

This criminal complaint is based on these facts:
On July 30, 2019 a Border Patrol Agent was assigned sign cutting duties near Hachita, New Mexico. While driving north on New Mexico State Road (NMSR)146 at approximately 3:00 p.m., the Border Patrol Agent observed a silver in color vehicle bearing an Arizona license plate, and only a female driver was visible in the vehicle. This area is notoriously used by narcotics and alien smugglers to further their illicit cargo into the interior of the United States.

☒ Continued on the attached sheet.

_Complainant's signature_

Armando T. Esparza, Agent
_Printed name and title_

Sworn to before me and signed in my presence.

Date: August 1, 2019

_Judge's signature_

STEPHAN M. VIDMAR
U.S. MAGISTRATE JUDGE
_Printed name and title_

City and state: Las Cruces, N.M.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
VS
Amanda Kay Hampton

At approximately 3:45 p.m., the Border Patrol Agent was observing traffic at the intersection of NMSR 9 and NMSR 81; and observed the same vehicle heading north on NMSR 81 with the same female driver and two additional occupants. The agent noticed that the driver and passengers of the vehicle appeared to avoid making eye contact with the agent and the passenger in the backseat appearing to slouch, as if trying to avoid detection. The agent began to follow the vehicle to further his investigation and the vehicle began to drive on the right shoulder of the highway failing to maintain her lane. The agent requested checks on the vehicle, the registration came back to an individual out of Phoenix, Arizona and a negative 72-hour lane check with no crossings through any ports of entry.

At this time the agent activated his emergency lights to conduct a vehicle stop. The vehicle yielded near mile marker 2 on NMSR 146 and a second agent arrived as back up.

As the agent approached the driver side to conduct an immigration inspection, the agent encountered the driver identified as Amanda Kay HAMPTON, and two other individuals. He identified himself as a United States Border Patrol Agent and asked the driver as to her citizenship, Amanda Kay HAMPTON stated she was a United States Citizen. HAMPTON appeared to be nervous and unsure of her answers regarding her destination and relationship with the passengers of the vehicle. The driver stated that she did not know the passengers but picked them up on the side of the road because they were broken down.

The second agent questioned the passengers as to their citizenship. Both male passengers handed the agent a Mexican Voter Identification cards. Both passengers were asked if they had any proper immigration documents to enter or remain in the United States, in which, they admitted to being illegally present in the United States and had no proper documentation to remain in the United States. At this time all three subjects were placed under arrest and read their Miranda Rights Each of the subjects stated that they understood their rights. All subjects were transported to the Deming, New Mexico Border Patrol Station for further processing.

Amanda Kay, HAMPTON provided the following statement, though not verbatim, as to her involvement in the alien smuggling scheme.

HAMPTON stated on July 30, 2019, she was invited to Deming, New Mexico to visit her friend. HAMPTON stated she borrowed her friend's vehicle to drive from Phoenix, Arizona to Deming, New Mexico. HAMPTON stated once she arrived in Deming she rented a room, but was not able to recall the name of the hotel. HAMPTON stated she made contact with her friend via phone, and that her friend needed to be picked up near a highway close to the town of Hachita, New Mexico. HAMPTON stated she got directions and drove down to New Mexico State Road (NMSR) 146 and headed south to NMSR 9. HAMPTON reached the intersection of NMSR 9 and NMSR 81 and proceeded south on the highway 81. HAMPTON claimed her cell phone signal was weak and was not able to locate her friend, so she continue to drive down on NSMSR 81. HAMPTON stated in the

_____
United States Magistrate Judge
August 1, 2019

_____
Armando T. Esparza
Border Patrol Agent
August 1, 2019

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
VS
Amanda Kay Hampton

process of looking for her friend she saw two illegal aliens who flagged her down. HAMPTON stated she stopped to offer them a ride believing their vehicle was broken-down. HAMPTON picked up the two male subjects and she began to drive north. At this time, HAMPTON began to be evasive during questioning and all questions ceased.

The material witness provided the following statement, though not verbatim, as to his involvement in the alien smuggling scheme.

The material witness stated prior to his entry, he acquired serves from an alien smuggler in, Mexico with intentions to reach a final destination of Denver, Colorado. At that time, he paid the smuggler $1500 pesos as a down payment and was to pay an additional $5000 US dollars once he arrived in Albuquerque, New Mexico. The material witness stated that on July 29, 2019, he and another other male subject along with a foot guide cross into the United States illegally with intention to further their illegal entry. The foot guide walked the pair to NMSR 81 near mile marker 8 and told them they were going to be picked up by gray in color sedan around 1:00 p.m. to 2:00 p.m. The material witness stated the foot guide walked several feet away and told them to hide in the brush and look out for the grey sedan. They were told the vehicle will stop and accelerate on the gas to indicate that was their ride. Shortly after, the foot guide yelled at them to let them know the vehicle was close by and to be ready. The material witness stated a gray vehicle stopped at their location and he heard the engine revving up, they left the brush running towards the gray vehicle, and the female driver did not speak Spanish, but indicated for him to sit in the back seat and instructed the other in the front passenger seat. At this time the driver made a "U" turn and began to drive north. The material witness stated as they drove north, they passed several border patrol agents and the agents began to follow them and pulled them over. The material witness stated the female driver appeared very nervous and indicated to not say anything with hand gestures. The material witness stated they were all arrested and transported to the station.

Assistant United States Attorney (AUSA) Aaron Jordan was contacted by BPA Jorge Munoz and approved criminal prosecution under 8 USC 1324 (transporting, bringing in etc.) for HAMPTON.

A MATERIAL WITNESSES is being used in the case against HAMPTON.

United States Magistrate Judge
August 1, 2019

Armando T. Esparza
Border Patrol Agent
August 1, 2019

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA
V.
Amanda Kay HAMPTON

Magistrate Docket No. 19 mj 2334
Case No.

### AFFIDAVIT

On this date appeared before me the following Agent, who, after being duly sworn, deposed and said: In the captioned case

(1) Roberto HERNANDEZ-Martinez
(2)
(3)
(4)

are material witnesses for the prosecution at the trial of the above-named defendant who is charged with violation of certain immigration laws.

These witness/s are citizens of Mexico, and are illegally within the United States. Should they be left to their own devices and return home, they are not subject to extradition under law, and it will be impracticable to secure their presence at such time as the case is called for trial.

_Armando Esparza_, Department of Homeland Security

In view of the above affidavit, it is requested of the United States Magistrate that the witnesses named in the affidavit be required to make bail in such amount as the United States Magistrate Judge should see fit to assure their presence at the trial, and should they be unable to make such bond, that they be committed to the custody of the United States Marshal pending final disposition of the criminal case, as provided by Rule 46(b) of the Federal Rules of Criminal Procedure.

By:

United States Attorney
_John C. Anderson_
Assistant United States Attorney

SUBSCRIBED AND SWORN TO BEFORE ME THIS _____ day of _____.
My commission expires _____  _____
                                          NOTARY PUBLIC

IT IS ORDERED on this __1__ day of __August__, __2019__, that the above witness(es) who was this date brought before me be committed to the custody of the United States Marshal pending final disposition of the above captioned case, in lieu of bail in the sum of $ _____ for each said witness.

United States Magistrate Judge

### RETURN

Received this commitment and designated prisoners on _____, and on _____, committed them to _____, and left with the custodian at the same time a certified copy of this commitment.

DATED:                                    _____
                                          By:      Deputy U.S. Marshal